[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAR 9, 2010
JOHN LEY
CLERK

_____

No. 09-10038
Non-Argument Calendar

_____

D. C. Docket No. 95-00605-CR-PAS

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSE MANUEL SALDANA,
a.k.a. Popeye, a.k.a. John Gotti,
a.k.a. Jose Soto, a.k.a. Pye, a.k.a.
Emanuel Santa,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(March 9, 2010)

Before CARNES, BARKETT and HULL, Circuit Judges.

PER CURIAM:

Jose Manuel Saldana, a federal prisoner, was convicted of (1) conspiring to possess with the intent to distribute a detectable amount of crack cocaine, in violation of 21 U.S.C. § 846, (2) using firearms during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c), and (3) possessing with the intent to distribute a detectable amount of crack cocaine, in violation of 21 U.S.C. § 841(a)(1). He appeals the district court's denial of his pro se 18 U.S.C. § 3582(c)(2) motion for reduction of sentence.

I.

We review a district court's denial of a motion for a sentence reduction pursuant to § 3582(c)(2) for abuse of discretion. United States v. Moreno, 421 F.3d 1217, 1219 (11th Cir. 2005). "We review de novo a district court's conclusions about the scope of its legal authority under 18 U.S.C. § 3582(c)(2)." United States v. James, 548 F.3d 983, 984 (11th Cir. 2008).

Under § 3582(c)(2), a district court may reduce the term of imprisonment of an already incarcerated defendant who was sentenced pursuant to a guideline range "that has subsequently been lowered by the Sentencing Commission." See 18 U.S.C. § 3582(c)(2). A § 3582(c)(2) proceeding "does not constitute a de novo resentencing." Moreno, 421 F.3d at 1220. In considering a § 3582(c)(2) motion, a district court must engage in a two-part analysis. "First, the district court must

recalculate the defendant's guideline sentencing range based upon the relevant amendment to the Sentencing Guidelines; none of the other guideline determinations made during the original sentencing may be reconsidered or altered." United States v. Smith, 568 F.3d 923, 927 (11th Cir. 2009). Second, the district court must decide whether in its discretion, based on the 3553(a) factors, "to impose the newly calculated sentence under the amended guidelines or retain the original sentence." United States v. Bravo, 203 F.3d 778, 781 (11th Cir. 2000). This requirement, however, "is triggered only by an amendment . . . that lowers the applicable guideline range." See U.S.S.G. § 1B1.10, comment. (n.1(A)).

"[A] reduction under § 3582(c)(2) is not authorized where 'the amendment . . . is applicable to the defendant but the amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline or statutory provision (e.g. a statutory mandatory minimum term of imprisonment).' " United States v. Moore, 541 F.3d 1323, 1327–28 (11th Cir. 2008) (quoting U.S.S.G. § 1B1.10, comment. (n.1(A)) (emphasis omitted). This is true because, to the extent that the mandatory minimum is greater than a portion of the guideline range, the mandatory minimum replaces its lower boundary, and where the mandatory minimum "is greater than the maximum of the applicable guideline range," it becomes the guideline

3

sentence. See United States v. Pope, 58 F.3d 1567, 1568 n.1 (11th Cir. 1995); U.S.S.G. § 5G1.1(b), (c)(2); see also United States v. Williams, 549 F.3d 1337, 1341–42 (11th Cir. 2008) (holding that a defendant sentenced to the statutory minimum was not eligible for a sentence reduction under Amendment 706).

Saldana contends that he was entitled to a sentence reduction based on Amendments 599 and 706 to the Sentencing Guidelines. "Amendment 599 was enacted in order to clarify under what circumstances a weapons enhancement may properly be applied to an underlying offense when the defendant has also been convicted for the use or possession of a firearm pursuant to 18 U.S.C. § 924(c) . . . ." United States v. Pringle, 350 F.3d 1172, 1179 (11th Cir. 2003). Amendment 706 reduced by two levels the base offense level for crack cocaine sentences calculated pursuant to U.S.S.G. § 2D1.1(c). See Smith, 568 F.3d at 926. The district court was not authorized to reduce Saldana's sentence based on those amendments. Saldana had two prior felony drug convictions, and thus he was subject to a statutory mandatory minimum sentence of life imprisonment. See 21 U.S.C. §§ 841(b)(1)(A), 851. Because his sentence was not based on the sentencing guidelines, he was not eligible for a § 3582(c)(2) sentence reduction. See Moore, 541 F.3d at 1327–28; Williams, 549 F.3d at 1341–42.

Saldana also contends that the district court should have reduced his

4

sentence based on <u>Apprendi v. New Jersey</u>, 530 U.S. 466, 120 S. Ct. 2348 (2000), and because the government failed to satisfy the notice requirements of 21 U.S.C. § 851.  We will not address those arguments because a § 3582(c)(2) proceeding does not constitute a <u>de novo</u> resentencing.  <u>See</u> <u>Bravo</u>, 203 F.3d at 782 (concluding that a district court may not consider extraneous resentencing issues, including constitutional claims, during § 3582(c)(2) proceedings).  The district court did not abuse its discretion by denying Saldana's § 3582(c)(2) motion.

**AFFIRMED.**